M. L. JONES et al., *Appellants,* v. THE CITY OF ROSEDALE et al., *Appellees.*

No. 18,474.

M. L. JONES et al., *Appellants,* v. THE CITY OF ROSEDALE et al., *Appellees.*

No. 18,475.

SYLLABUS BY THE COURT.

INJUNCTION — *City — Assessment — Extension of Storm Sewer.* The decision of a trial court refusing to enjoin a city from extending a storm sewer and from collecting special assessments therefor, after considering the evidence submitted by all the parties, will not be reversed in the absence of some specific showing of error in such ruling.

41—88 KAN.

Appeals from Wyandotte district court, division No. 2. Opinion filed January 11, 1913. Affirmed.

*George W. Littick,* of Kansas City, for the appellants.

*Philip Erhardt,* of Rosedale, and *James S. Gibson,* of Kansas City, for the appellees.

The opinion of the court was delivered by

WEST, J.: The trial court refused to enjoin the city of Rosedale from extending a certain storm sewer and from collecting special assessments levied for that purpose, and the plaintiffs, who are property owners in the district, appeal.

It appears that in 1903 the city, by ordinance, divided its territory into six sewer districts; that the Westport Avenue storm sewer is in District No. 4; that in 1911 the city undertook to extend its construction and let the contract therefor; that in March, 1912, the work was enjoined for the reason that the appraisers had not made the assessment from actual view or inspection; that afterwards a reassessment and relevy were had, and the work proceeded; and that after temporary restraining orders were granted in these cases affidavits were filed by the parties, which affidavits we have considered.

The plaintiffs contend that the construction of this storm sewer was beyond the power of the city for various reasons; that the construction itself is unsanitary, a waste and a fraud upon the rights of the plaintiffs; that the contract for the work was rescinded by the council; that the city had already exceeded its limit of taxation; and that the plaintiffs were not given a hearing to ascertain the value of their lots.

We are not pointed to any statute fixing any limit for the levy of such assessments which has been exceeded in this case, and the affidavits of the defendants

show that notice was duly published giving the lot owners an opportunity to appear and contest the amount of the assessments. While the council did by motion attempt to rescind the contract for the construction of the sewer, the contractor was afterwards directed to proceed, and no ordinance or resolution was passed to interfere with his rights under the contract. No fact is shown indicating that the city has exceeded its power or that it has committed any fraud upon the plaintiffs.

The sewer in question is not and was not intended to be a sanitary sewer or any part thereof, but simply a means for taking care of storm water. Considerable complaint is made about the location and expense, but the presumption that the city officers acted in good faith and in compliance with law does not appear to be overcome by anything contained in the affidavits submitted. The trial court, after considering the entire matter, refused the injunctions, and we find no error in such refusal.

The judgment is affirmed.